IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERI L. ANDERSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Commission,

    Defendant.

Civil No. 10-0037-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Jeri Anderson ("Plaintiff") seeks judicial review of the Commissioner's decision denying her application for Social Security Disability benefits. Defendant moves to dismiss the complaint based on Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. (Def.'s Mot. to Dismiss 1.) For the reasons set forth below, Defendant's motion (#9) should be granted.

I.     **Background**

Plaintiff filed an application for social security disability benefits that was initially denied on November 21, 2008. (Decl. of A. Yvette Daniel, Ex. 1, 7.) She then requested reconsideration

Report & Recommendation    1

of this decision, but the Social Security Administration found the previous denial was proper. (Decl. of A. Yvette Daniel, Ex. 1, 1.) She was notified of this decision via letter on February 20, 2009. The notice also explained the appeals process and that she may request a hearing before an administrative law judge within 60 days from the receipt of the notice to proceed. (Decl. of A. Yvette Daniel, Ex. 1, 1.)

On May 28, 2009, more than 60 days after the February 2009 notice, Plaintiff filed a request for a hearing. Her request was untimely. On June 10, 2009, Administrative Law Judge Marilyn S. Mauer ("ALJ") notified Plaintiff of the receipt of her untimely request and explained that she had been given 15 days to provide a signed statement or other information showing reasons why she did not file her request for a hearing on time. (Decl. of A. Yvette Daniel, Ex. 2, 1)

On June 3, 2009, Plaintiff submitted her request for hearing with the statement, "I did not understand the process until I talked to an attorney. I have new information to submit." (Decl. of A. Yvette Daniel, Ex. 2, 4.) She also submitted a statement on June 7, 2009: "I did not understand the process until I talked to an attorney, please set my case for a hearing. Thank you. New information has been submitted recently please see Dr. Curry's report 4/08/09." (Decl. of A. Yvette Daniel, Ex. 2, 5.)

On July 2, 2009, the ALJ dismissed Plaintiff's request for a hearing. The Order of Dismissal explained,

> In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because she did not understand the process until she consulted an attorney. The undersigned has considered this explanation under the standards set forth in 20 C.F.R. § 404.911 and finds that the claimant has not established good cause for missing the deadline to request a

Report & Recommendation    2

> hearing. The claimant did not allege any physical or mental impediment to her understanding and following through on consulting with a representative or filing a request for hearing within the time allowed by law. A review of the file likewise does not reveal any such impediment.

(Decl. of A. Yvette Daniel, Ex. 3, 3-4.)

On July 10, 2009, Plaintiff's representative submitted a "Request for Review of Hearing Decision" form and good cause statement. (Decl. of A. Yvette Daniel, Ex. 4, 1.) The representative asserted that good cause existed for the missed deadline:

> At the time of the Reconsideration denial on February 20, 2009, Ms. Anderson suffered from Depression, Anxiety, Panic Attacks, problems with Memory Attention Concentration, Posttraumatic Stress Disorder, Chronic Fatigue Syndrome, Anger Control and other serious health problems, had some misunderstanding about the meaning of the denial, and was unable to effectively manage her affairs at that time.

(Decl. of A. Yvette Daniel, Ex. 4, 2.)

On November 13, 2009, the Appeals Council denied Plaintiff's request for a review explaining that she had not provided a basis for changing the ALJ's dismissal.

> The [ALJ] had considered any mental physical or educational impediments to your filing a timely request for hearing. Her conclusions are supported and no additional evidence has been provided that would provide a basis for extending the time for filing the appeal under Social Security Ruling 91-5p.

(Decl. of A. Yvette Daniel, Ex. 5, 1-2.)

On January 11, 2010, Plaintiff filed this complaint. Defendant moved to dismiss for lack of jurisdiction on June 10, 2010.

## II.    Legal Standards

"Federal courts are courts of limited jurisdiction." <u>Assoc. of Am. Med. Colleges v. United States</u>, 217 F.3d 770, 778-779 (9th Cir .2000) (citation omitted). Courts presume that a case "lies

Report & Recommendation    3

outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

A motion to dismiss on jurisdictional grounds can be "either facial or factual," White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the [plaintiff's] allegations." White, 227 F.3d at 1242 (citations omitted). Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." Safe Air, 373 F.3d at 1039.

## III.  Defendant's Motion Should Be Granted

Defendant moves to dismiss Plaintiff's claim arguing there is no final decision and thus no jurisdiction for this court.

### A.    The Court Only Has Jurisdiction Over Final Decisions

Federal courts do not have general federal question jurisdiction in an action challenging a denial of Social Security disability benefits. Weinberger v. Salfi, 422 U.S. 749, 757-758, (1975) (construing 42 U.S.C. § 405(h)). Rather, judicial review of claims arising under Title II of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g) Id. Under 42 U.S.C. § 405(g), an individual who has been denied Social Security disability benefits may seek judicial

Report & Recommendation   4

review of "any final decision . . . made after a hearing to which he was a party." 42 U.S.C. § 405(g).

A reviewable, "final decision" is a final, binding decision by the Commissioner and is made at the conclusion of a four-step process the applicant must complete if she objects to an unfavorable decision on her application. At step 1, the claimant must receive an initial determination. 20 C.F.R. § 404.902. At step 2, the claimant may request reconsideration if she is dissatisfied with the initial determination. 20 C.F.R. §§ 404.907, 404.908. At step 3, the claimant may request a hearing before an ALJ if she is dissatisfied with the reconsideration determination. 20 C.F.R. § 404.907. At step 4, the claimant may request a review by the Appeals Council if she is dissatisfied by the hearing decision. 20 C.F.R. § 404.955. These steps must be completed within the specified time frame, though in some circumstances, a claimant may receive an extension of deadlines if she can show good cause for delay. In sum, under the regulations, the claimant only obtains a judicially reviewable final decision if she completes the administrative appeals process and she receives a decision by the Appeals Council or a notice from the Appeals Council that it is denying her request for a review of the ALJ decision.

By completing these steps, the claimant exhausts the remedies. The Supreme Court explained,

> [e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency. As to the first of these purposes, the exhaustion doctrine recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for programs that Congress has charged them to administer. Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise. . . . As to the second of the purposes,

Report & Recommendation    5

> exhaustion promotes judicial efficiency in at least two ways. When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided. . . . And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992).

Final decisions describe decisions on the merits. Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990). Discretionary decisions of the Appeals Council are not final decisions. Thus decisions denying requests for extensions or requests to consider untimely petitions are not final and not subject to judicial review. Id. at 493-94. "[P]ermitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of belated claims." Id. at 494.

### B. The Court Does Not Have Jurisdiction

Defendant asserts that the court has no jurisdiction over Plaintiff's complaint because there is no final decision. Plaintiff, in response, argues that she has good cause for the late filing and appears to ask the court to intervene and reopen the case.

Plaintiff responded to the motion to dismiss stating, "[t]he Appeals Council has simply failed to acknowledge that Good Cause for a late filing exists" and attached for support the good cause statement submitted to the Appeals Council in July 2009. Her representative further argued, "[t]here is also good cause for reopening, as new and material evidence supporting a reopening of the prior file, as state above, if the Reconsideration denial was not received and she was required to file a new application." (Pl.'s Resp., Ex. A, 1.)

Defendant's motion to dismiss should be granted, however, because the court does not have jurisdiction to either reopen her case or review the denial of her application for disability

Report & Recommendation    6

benefits. There is no final decision.

First, Plaintiff failed to exhaust her remedies. She did not timely request a hearing at step 3 after her reconsideration had been denied. (Decl. of A. Yvette Daniel, Ex. 2, 1.) Though she requested an extension, the ALJ determined she had not met the requirements, and the Appeals Council agreed. Plaintiff's claim was dismissed. (Decl. of A. Yvette Daniel, Ex. 3, 3-4.) The order of dismissal is binding; however it is not a reviewable "final decision."

Second, Plaintiff's request for the court to review the decision to deny the extension for good cause is also not subject to judicial review. The Appeals Council's denial of her request for an extension is not a final decision either. As explained in Matlock, such a decision is not a decision on the merits, is discretionary, and would ultimately interfere with Congress' intent when it established the framework for judicial review. 908 F.2d at 494.

## V.  Conclusion

The court recommends that Defendant's motion to dismiss for lack of jurisdiction be granted.

## VI.  Recommendation

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by September 9, 2010. If objections are filed, any response to the objections are due within 17 days of service of the objections,* see Federal Rules of Civil Procedure 72 and 6.

Report & Recommendation   7

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20 day of August, 2010.

/s/ Mark D. Clarke

MARK D. CLARKE
United States Magistrate Judge

Report & Recommendation   8